# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NAWAZ AHMED,

    Petitioner,

        -vs-

MARC C. HOUK, Warden,

    Respondent.

:

:

:

Case No. 2:07-cv-658

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Respondent's Motion to Dismiss Procedurally Defaulted Claims (Doc. No. 39). Petitioner has opposed the Motion (Doc. No. 44) and the time for a reply memorandum expired with no memorandum filed. Upon transfer of the referral, the Court confirmed that the Motion was ripe for decision (Doc. No. 56).

Respondent asserts that Petitioner procedurally defaulted in presenting his Eighth, Ninth, Eleventh, Twelfth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, and Twenty-Third Grounds for Relief (Motion, Doc. No. 39, PageID 630-635). Petitioner opposes the Motion as to every Ground for Relief on which dismissal is sought (Memorandum Contra, Doc. No. 44).

Respondent brings the Motion under Fed. R. Civ. P. 12(b)(6)(Motion, Doc. No. 39, PageID 612). Petitioner contends Fed. R. Civ. P. 12(b)(6) is not an appropriate procedural vehicle for adjudication of Respondent's procedural default defenses and Respondent has not replied to that

argument.  Judge King's First Scheduling Order in this case (Doc. No. 8) merely states that "Respondent shall file any motion to dismiss procedurally defaulted claims no later Monday, June 16, 2008." Id.. PageID 16.  The Order does not reflect that there was any agreement between the parties that the procedural default defense should be decided on a motion to dismiss or any determination by Judge King that Fed. R. Civ. P. 12(b)(6) would be an appropriate procedural vehicle for such a decision.  Thus the Magistrate Judge presently assigned to the case is not constrained by Judge King's Order to decline to consider Petitioner's arguments on this point.

Procedural default in a habeas corpus case is an affirmative defense which can be lost if the Respondent fails to plead it.  *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc)(citing *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). Therefore, as Petitioner asserts, he was not under a duty to plead the absence of procedural default on a particular ground for relief, although the mandatory form of petition annexed to the Rules Governing § 2254 Cases calls for the petitioner to include information relevant to procedural default.  Since pleading the absence of procedural default would not render the Petition deficient, a petition which failed to plead absence of procedural default would not be dismissable on that basis for failure to state a claim upon which relief can be granted.

Indeed, Respondent does not mount a facial attack on the Petition, but instead relies on the record from the state court proceedings.  Petitioner asserts that the Court is limited on a 12(b)(6) motion "to review of the pleadings without any supporting materials." (Memorandum Contra, Doc. No. 44, PageID 649, citing *Carter v. Stanton*, 405 U.S. 669 (1972), and *Allen v. Newsome*, 795 F.2d 934 (11th Cir. 1986)).  In general, a court may not consider on a Rule 12(b)(6) motion any facts outside the complaint.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *Kostrzewa v.*

*City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)).  When matters outside the pleadings are presented to and considered by the court in a Rule 12(b)(6) motion, the motion is treated as one for summary judgment.  *See Friedman v. United States,* 927 F.2d 259, 261 (6th Cir. 1991).  Respondent plainly relies on the state court record in making the Motion, but neither party has briefed the Motion under Fed. R. Civ. P. 56 standards.

Finally, Petitioner argues that any use of Fed. R. Civ. P. 12(b)(6) is inappropriate in a habeas corpus case and a Motion such as the instant one should be decided under Habeas Rule 4, citing *O'Bremski v. Maass*, 915 F. 2d 418 (9th Cir. 1990).  *O'Bresmki* in turn cites *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 269 n.14 for the proposition "that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding" is "erroneous."  That is a misreading of *Browder*.  What the *Browder* Court actually said was

> Respondent's conception -- which lies at the heart of his view that the lack of an evidentiary hearing rendered the order of October 21 nonfinal -- seems to have been that a Rule 12 (b) (6) motion is an appropriate motion in a habeas corpus proceeding, and that upon denial of such a motion, the case should proceed through answer, discovery, and trial. This view is erroneous. See *Preiser v. Rodriguez*, 411 U.S. 475, 496 (1973). The custodian's response to a habeas corpus petition is not like a motion to dismiss.

Id..., note 14.  In other words, the Court was saying that respondent's whole view of the process was incorrect, not that a Rule 12(b)(6) motion could never properly be used in a habeas proceeding. Earlier in the same opinion, the Court stated:

> Respondent has maintained throughout that the Federal Rules of Civil Procedure are wholly inapplicable on habeas. n14 We think this is a mistaken assumption. It is well settled that habeas corpus is a civil proceeding. *Fisher v. Baker*, 203 U.S. 174, 181 (1906); *Ex parte Tom Tong*, 108 U.S. 556 (1883); see *Heflin v. United States*, 358 U.S. 415,

-3-

> 418 n. 7 (1959). Perhaps in recognition of the differences between general civil litigation and habeas corpus proceedings, see *Harris v. Nelson*, 394 U.S. 286, 293-294, and n. 4 (1969), the Federal Rules of Civil Procedure apply in habeas proceedings only "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed. Rule Civ. Proc. 81 (a) (2); see Fed. Rule Civ. Proc. 1.

*Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978).  This Court has approved using summary judgment practice in habeas corpus proceedings on occasion and can well imagine circumstances where a 12(b)(6) motion would be completely appropriate, e.g., for litigating a statute of limitations defense.  The Rules Governing § 2254 Cases expressly provide in Rule 12 that the Federal Rules of Civil Procedure may be applied in habeas cases to the extent not inconsistent with statute or the Habeas Rules themselves[1].

While use of Fed. R. Civ. P. 12(b)(6) might be appropriate in some habeas cases, it is not appropriate in this case for litigation of the questions raised by the instant Motion.  The Motion does not attack the face of the Petition, but instead seeks to litigate an affirmative defense on the merits separate from consideration of the merits of the case as a whole.  This the Court should not do.  The Motion to Dismiss should be denied without prejudice to Respondent's position on the merits of its procedural default defenses which should be adjudicated as part of deciding the case as a whole.

July 30, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] Habeas Rule 12 was only adopted in 2004.  The Habeas Rules themselves were adopted in 1976, apparently after *Browder* was considered in the lower courts.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).