# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

NAWAZ AHMED,

:

    Petitioner,                                   Case No. 2:07-cv-658

:                      District Judge Michael H. Watson

  -vs.-                                        Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

:

    Respondent

## DECISION AND ORDER DENYING MOTION TO STAY

       This capital habeas corpus case is before the Court on Petitioner's Motion to Stay and Abey these proceedings "pending resolution of a request for disqualification filed by petitioner with Chief Judge Alice Batchelder" (Doc. No. 97, PageID 9564).  The Motion recites Attorney Keith Yeazel's understanding that the "request for disqualification" was filed under 28 U.S.C. § 351(a), that it alleges some purported basis for disqualification which Ahmed has not revealed to Yeazel, and that a stay should be granted until the request is resolved "to avoid even the appearance of partiality."  *Id.*  at PageID 9565.

       The Motion reprises Ahmed's *pro se* complaint to Chief Judge Susan J. Dlott (Doc. No. 94).  The gravamen of that complaint is that at some unspecified time in the past Yeazel has, *ex parte*, provided unspecified information to Magistrate Judge Merz and "possibly" to Judge Watson.  Ahmed makes many other complaints of "unlawful, unethical, and unscruoplous [sic]" misconduct against his appointed counsel and asks Chief Judge Dlott to stay the case and

1

investigate his claims. Construing the complaint as a motion to stay. the Magistrate Judge denied it because there have been no *ex parte* communications between him and Yeazel (Notation Order denying Doc. No. 94). The filing also occasioned Judge Watson's Order to the Clerk not to accept any additional *pro se* filings from Ahmed (Doc. No. 96).

The timing of the Motion is seriously suspect. Ahmed gives no hint of when he learned of the alleged *ex parte* communications, but his Complaint to Chief Judge Batchelder and pro se Motion to Chief Judge Dlott were both sent within ten days of the Magistrate Judge's Report and Recommendations on the merits, recommending dismissal of the Petition (Doc. No.

The Motion to Stay and Abey is DENIED for the following reasons.

First of all, there have been no *ex parte* communications by the Magistrate Judge with Mr. Yeazel. All communications by and between the Magistrate Judge and Mr. Yeazel have been in writing or in brief telephone conferences which included counsel for the Respondent. In particular, the Magistrate Judge denies receiving *ex parte* from Mr. Yeazel anything like the results of any "investigation" of the case by Mr. Yeazel. Mr. Yeazel is welcome to confirm for the record that no such communications have occurred.

Secondly, a complaint of judicial misconduct to the Chief Judge of the Court of Appeals is not a proper method to raise a disqualification claim. While the Court of Appeals acting as a court probably has authority to disqualify a judge from continuing to sit in a case, nothing in the Judicial Conduct and Disability Act purports to create any such authority in the chief judge. Other than dismissal under 28 U.S.C. § 352(b), the authority of the Chief Judge is limited to referring a complaint to an investigative committee which in turn may recommend action to the judicial council of the circuit. The council's authority is limited to imposing sanctions which do not include disqualification of a judge from presiding in a case.

Instead, the proper method to obtain the disqualification of a federal trial judge is to file a motion for that relief in the District Court.  Such motions are directed in the first instance to the judicial officer sought to be disqualified.  A Magistrate Judge's decision on such a motion is immediately reviewable by the assigned District Judge under Fed. R. Civ. P. 72.  Any properly filed motion for disqualification of the Magistrate Judge under 28 U.S.C. § 455 will be promptly decided; it has been the Court's practice to give such motions first priority.  Ahmed is reminded, however, that such motions are subject to Fed. R. Civ. P. 11.  He cannot order his attorney to file a motion to disqualify on the basis of facts he has not revealed to counsel, which is what happened with the present Motion.[1]



Jul 18 2014 9:06 AM

Michael R. Merz

---

[1] "Because Petitioner has not provided counsel with a copy of his complaint, Counsel is not in a position to independently evaluate whether the facts suggest either Judge Watson or Magistrate Judge Merz or both should disqualify themselves in these proceedings because their "impartiality might be reasonably questioned." See, 28 U.S.C. § 455(a)." (Motion, Doc. No. 97, PageID 9565.