# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

NAWAZ AHMED,

:

        Petitioner,                      Case No. 2:07-cv-658

                      :        District Judge Michael H. Watson

    -vs.-                         Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

                      :

        Respondent

---

# REPORT AND RECOMMENDATIONS

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e)(ECF No. 160)[1] which Respondent opposes (ECF No. 167).

On September 21, 2020, the Court entered its Opinion and Order dismissing all claims and denying a certificate of appealability ("Opinion," ECF No. 156; Judgment, ECF No. 157). As the Opinion notes, the Petition in this case pleads twenty-seven grounds for relief from Petitioner's conviction and sentence of death for the killing of his estranged wife, and his sister-in-law, father-

---

[1] The Motion to Amend is thirty-eight pages long. At that length, it is subject to S. D. Ohio Civ. R. 7.2(a)(3) which provides in part "In all cases in which memoranda exceed twenty pages, counsel shall include a combined table of contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found." Counsel essentially mock that Rule by writing as to each Ground for Relief "The Claim has merit. The Court should issue a certificate of appealability." Those statements are not arguments, but conclusions. No authority is cited. Counsel's disdain for the Rule is obvious. Instead of mock compliance, why not ask to be excused?

in-law, and niece. The Magistrate Judge recommended that relief be denied on all grounds for relief and that Ahmed be denied a certificate of appealability (Report and Recommendations, ECF No. 88, the "Report"). Petitioner objected only as to Grounds for Relief One, Two, Three, Five, Eight, Thirteen, Nineteen and Twenty-Seven (Corrected Objections, ECF No. 150) and thus has forfeited any objections as to the other nineteen grounds for relief. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011). District Judge Watson overruled all of Petitioner's Corrected Objections and denied a certificate of appealability, adopting the result recommended by the Magistrate Judge. The instant Motion followed, challenging the result as to all eight grounds for relief on which objection had been made to the Report.

**Standard for Review of a Motion to Amend the Judgment**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v.*

> *Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191
> (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11
> *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), *accord, Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Petitioner's Motion to Amend is measured against this standard.


**Ground One: Denial of Counsel of Choice**


In his First Ground for Relief, Petitioner claimed he was denied the right to retain counsel of his choice by the way the involved divisions of the Belmont County Court of Common Pleas restricted his ability to spend marital and probate assets. The Report concluded this ground for relief was both procedurally defaulted and without merit. As to procedural default, the Opinion

agreed that Ahmed failed to fairly present this claim to the state courts because the Sixth Amendment claims he did present were legally and factually distinct from this claim (ECF No. 156, PageID 10556-64). Even if the claim were not procedurally defaulted, the Opinion found it was without merit because there was no evidence of record from which it could be found the trial court prevented Ahmed from hiring counsel of his choice. *Id.* at PageID 10564-74. Ahmed objects to both conclusions.

**Procedural Default of the First Ground for Relief**

Ahmed asserts four errors of law in the Opinion as to the finding of procedural default on Ground One:

**The denial of counsel of choice is intertwined with the issues raised by Ahmed in the Ohio Supreme Court and thus was raised in that court.**

Ahmed claims his counsel of choice claim is "inextricably intertwined" with his claim that appointed counsel should have been removed and was therefore fairly presented to the Supreme Court of Ohio (Motion, ECF No. 160, PageID 10632, relying on *Dando v. Yukins*, 461 F.3d 791 (6th Cir. 2006)). In *Dando* the Sixth Circuit granted a certificate of appealability on two questions: "(1) whether the sentencing court abused its discretion in denying Dando's motion for an expert witness, and (2) whether trial counsel was ineffective for failing to pursue a duress defense" and found these two questions "inherently intertwined." 461 F.23d at 797. On that basis, the court overruled a fair presentation procedural default defense:

> Given our determination that the two issues from the certificate of appealability are in fact one in the same and that Dando adequately referenced the ineffective assistance of counsel claim in her state

4

> court filings, we conclude that Dando did indeed present this claim
> to the state courts. She has thus "exhausted the remedies available
> in the courts of the State" as required under section 2254.

*Id.*

The *Dando* majority did not engage in a general analysis of "fair presentation" as a habeas prerequisite or attempt to formulate any general rule on the subject.  Instead it found, on the particular facts of that case, that the ineffective assistance of trial counsel claim had been fairly presented.  Ahmed cites no case in which presenting a claim of ineffective assistance of trial counsel because of conflict of interest or denying a request for self-representation, the two Sixth Amendment claims he expressly made, was held to fairly present a claim of denial of the right to retain counsel of one's choice.

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim.  *Hicks v. Straub,* 377 F.3d 538 (6th Cir. 2004), citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).  The Sixth Circuit recently reiterated this "same claim" requirement.  *Allen v. Mitchell*, 953 F.3d 858 (6th Cir. 2020).  This Court made no error of law in relying, as it did, on *McMeans* (Opinion, ECF No. 156, PageID 10561).

**The issue of the denial of counsel of choice was before the Ohio Supreme Court because it is legally required to review the entire record in capital cases.**

Ahmed next argues the Supreme Court of Ohio was required to consider his counsel of choice claim because that court is required to review the "entire record" in capital cases (Motion, ECF No. 157, PageID 10632, citing Ohio Revised Code § 2929.05(A)).

Ahmed cites no decision of the Ohio Supreme Court or the Sixth Circuit which interprets this statute to require the Ohio Supreme Court to raise *sua sponte* claims that the parties have not presented. Indeed, the statute says the supreme court "shall review the judgment in the case and the sentence of death . . .**in the same manner** that they review other criminal cases," except that it is to independently consider the evidence for aggravating circumstances and whether the death sentence is proportionate.[2] The phrase "entire record" does not appear in Ohio Revised Code § 2929.05(A). The fact (on which Ahmed relies) that the Supreme Court of Ohio recognized that the counsel of choice claim had been an issue in the trial court does not logically imply it was still an issue on appeal.

This Court did not commit legal error in failing to find Ahmed's counsel of choice claim

---

[2] The full text of the statute reads: "(A) Whenever sentence of death is imposed pursuant to sections 2929.03 and 2929.04 of the Revised Code, the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, and the supreme court shall review upon appeal the sentence of death at the same time that they review the other issues in the case. The court of appeals and the supreme court shall review the judgment in the case and the sentence of death imposed by the court or panel of three judges in the same manner that they review other criminal cases, except that they shall review and independently weigh all of the facts and other evidence disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate. In determining whether the sentence of death is appropriate, the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, and the supreme court shall consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases. They also shall review all of the facts and other evidence to determine if the evidence supports the finding of the aggravating circumstances the trial jury or the panel of three judges found the offender guilty of committing, and shall determine whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors. The court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court shall affirm a sentence of death only if the particular court is persuaded from the record that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors present in the case and that the sentence of death is the appropriate sentence in the case."

was before the Supreme Court of Ohio because it was required to review the "entire record."

**Ahmed's Claim That He Was Denied Counsel of Choice Was Fairly Presented in his pro se Motion for Reconsideration as well as in Other Motions Ahmed filed in the Ohio Supreme Court.**

Ahmed claims he fairly presented his counsel of choice claim in *pro se* filings that he made in the Supreme Court of Ohio.  He claims error in this Court's finding that denial of those filings was procedural rather than on the merits (Motion, ECF No. 160, PageID 10633-34).  However, the Opinion addressed the Report's reasons for concluding that those decisions were procedural rather than on the merits, thus rebutting the merits decision presumption of *Harrington v. Richter*, 562 U.S. 86, 103 (2011)(ECF No. 156, PageID 10561-62).

The Motion asserts that the language of the Ohio Supreme Court in denying these filings makes it clear the rulings were on the merits.  Ahmed makes no new argument, but incorporates his Corrected Objections (ECF No. 150, PageID 10439).  The Magistrate Judge has reviewed the cited language and finds it just as opaque and summary at he did in the original Report.  Certainly the language contains less of a purported discussion of the merits than the standard form entry, signed by the Chief Justice of Ohio, declining appellate jurisdiction in felony appeals.  In any event, this argument is merely a reargument of the point made in the Corrected Objections and adds no new law to show, e.g., that any court has found language like that used in denying the Motion for Reconsideration to be a ruling on the merits.  The Court committed no manifest error of law in finding to the contrary.

**There was no rule prohibiting hybrid representation at the time of Ahmed's trial, appeal, and post conviction filings.**

One of the requirements for the procedural default defense in habeas is that the rule relied on by the state court must have been firmly established and regularly followed.  *Maupin v. Smith*,

785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007). The Report found that Ohio's rule against hybrid representation in criminal cases was firmly established and regularly followed as of the time of Ahmed's appeal to the Supreme Court of Ohio (ECF No. 88, PageID 2134). The Opinion accepted this position (ECF No. 156, PageID 10562).

The Report relied on *State v. Martin*, 103 Ohio St.3d 385 (2004). The Motion to Amend argues that "[i]n *Martin*, the court held for the first time that the right to the assistance of counsel and the right to *pro se* representation could not be exercised simultaneously. *Id.* at syl. 1[3]" (ECF No. 160, PageID 10634). The Motion continues:

> Prior to *Martin*, the Ohio Supreme Court had ruled that there was no right to hybrid representation but had not prohibited it and left the decision of whether to allow it to the discretion of each court. *State v. Thompson*, 33 Ohio St.3d 1, 6-7 (1987)[;] *State v. Landrum,* 53 Ohio St. 3d 107, 119 (1990).

*Id.* at PageID 10634-35. The Motion argues it was legal error to rely on cases decided after *Martin* to show the rule against hybrid representation was regularly followed because Ahmed's *pro se* filings were made before *Martin*. *Id.* at PageID 10635-36.

The Magistrate Judge disagrees. The Ohio Supreme Court's decision in *Thompson* from 1987 says nothing about discretion to allow hybrid representation but instead holds:

> Appellant, in his seventh proposition of law, argues that he should have been permitted to act as co-counsel in his own behalf during the trial. Appellant argues that a hybrid representation of criminal defendant and defense counsel both preserves the reliability of the judicial process and protects his dignity. We do not agree. Neither the United States Constitution, the Ohio Constitution nor case law mandates such a hybrid representation. See *McKaskle* v. *Wiggins* (1984), 465 U.S. 168. Although appellant has the right either to appear *pro se* or to have counsel, he has no corresponding right to

---

[3] The opinion in *Martin* does have a syllabus, but the syllabus rule under which the syllabus stated the controlling law of the case was was abolished in 2002 when the Supreme Court of Ohio completely revised the Ohio Rules for the Reporting of Opinions. As of July 1, 2012, the relevant rule reads "All majority opinions of the Supreme Court shall have the same authority, whether issued *per curiam* or as an opinion authored by a justice and whether or not they have a syllabus."

8

act as co-counsel on his own behalf. Accordingly, appellant's
seventh proposition of law is not well-taken.

33 Ohio St. 3d at 6-7. In *Landrum* the Supreme Court of Ohio relied on *Thompson* to hold

Landrum had no right to act as co-counsel at trial. In *Martin* the Supreme Court squarely held that

the rights to self-representation and to counsel could not be exercised simultaneously, saying it

was **reaffirming** Ohio law in holding that the right to proceed *pro se* and to have counsel could

not be exercised simultaneously. *Id.* ¶ 32.

Post-*Martin* cases cited in the Opinion recognize that it has long been the rule in Ohio that

a defendant is not entitled to hybrid representation. For example, in *State v. Ferguson*, 108 Ohio

St. 3d 451 (2006), the court held:

> [**P97] Ferguson has no constitutional right to self-representation
> in the appellate process on direct appeal. *Martinez v. California*
> Court of Appeal, Fourth Appellate Dist. (2000), 528 U.S. 152, 163,
> 120 S.Ct. 684, 145 L.Ed.2d 597. Furthermore, "[a] defendant has no
> right to a 'hybrid' form of representation wherein he is represented
> by counsel, but also acts simultaneously as his own counsel." *State
> v. Keenan* (1998), 81 Ohio St.3d 133, 138, 1998 Ohio 459, 689
> N.E.2d 929, citing *McKaskle v. Wiggins* (1984), 465 U.S. 168, 183,
> 104 S.Ct. 944, 79 L.Ed.2d 122.

In sum, *Martin* did not adopt a new rule forbidding hybrid representation. Instead, it and

the later cases cited in the Opinion documented the long-standing practice of Ohio courts in

disallowing hybrid representation in criminal cases. Even if Ohio courts had discretion prior to

*State v. Martin* to allow hybrid representation, the Supreme Court has held a rule can be firmly

established and regularly followed even if the appropriate exercise of discretion may permit

consideration of a federal claim in some cases but not in others. *Walker v. Martin*, 562 U.S. 307,

316 (2011), citing *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

9

> *Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state rule accords courts broad discretion.

*Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

The Motion to Amend does not show a manifest error of law in relying on this consistent line of Ohio authority.

**Merits of the First Ground for Relief**

Alternatively, the Report concluded Ahmed's First Ground was without merit (ECF No. 88, PageID 2147-61, discussing at length the evidence on this claim). The District Judge's Opinion adopted this conclusion (ECF No. 156, PageID 10564-74). The Motion to Amend, however, argues this claim is meritorious (ECF No. 160, PageID 10637-45).

Ahmed's Motion argues that this Court put an inappropriate construction on the facts underlying this claim; it does not present any new evidence. Without rehearsing the evidence, the Magistrate Judge is not persuaded that the Court committed any manifest error of law in deciding relief was not warranted on the merits of the First Ground for Relief.

**Ground Two:  Ineffective Assistance of Trial Counsel: Conflict of Interest**

In his Second Ground for Relief, Ahmed contends suffered ineffective assistance of trial counsel because he was forced to go to trial with counsel who labored under a conflict of interest. (Petition, Doc. No. 35 at PageID 199). The Report concluded that the state court decision on this claim was entitled to deference under Antiterrorism and Effective Death Penalty Act of 1996 (Pub.

10

L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Report, ECF No. 88, PageID 2171).  The District Court adopted the Report on this point and rejected Ahmed's attempt to inject a new factual basis (Opinion, ECF No. 156, PageID 10575-83).

The Motion to Amend essentially reargues the merits of this Ground for Relief and raises no argument that was not sufficiently considered by the Court in entering judgment.


**Ground Three:  Denial of Right of Self-Representation**


In his third ground for relief, Ahmed contends that he was denied his right to represent himself at trial as recognized in *Faretta v. California,* 422 U.S. 806, 835 (1975)(Petition, ECF No. 35 at PageID 214-220).

As to any asserted right to represent himself during the guilt phase of the trial, the Report concluded Ahmed had never made such a request, rebutting his twisted interpretations of the record (ECF No. 88, PageID 2171-75).  As to the mitigation phase, although Ahmed did state he wanted to proceed *pro se* at that point, he refused to acknowledge the trial judge's explanation of consequences.  *Id.* at PageID 2175-77.  The Supreme Court of Ohio affirmed denial of Ahmed's request to proceed *pro se. Id.* at PageID 2177-78, citing *State v. Ahmed*, 103 Ohio St. 3d 27, 44-45, 2004-Ohio-4190 ¶¶ 102-108 (2004).  The Report concluded this was not an unreasonable application of relevant Supreme Court precedent and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(ECF No. 88, PageID 2178-82).  The Opinion adopted the Report's position on Ground Three (ECF No. 156, PageID 10583-95).

In claiming there is an error of law in the Opinion regarding Ahmed's request to represent himself, the Motion to Amend cites a document labeled "Pro Se Motion:  Removal of Court-

11

Appointed Attorneys," filed December 21, 2000 (Appendix, ECF No. 90-1, PageID 2764, et seq.).
This document is not a "smoking gun" that disproves the conclusions of the Supreme Court of
Ohio, the Magistrate Judge, and this Court.  Petitioner has filed many documents *pro se*, including
many in this Court, essentially claiming the right to hybrid representation, to force his appointed
attorneys to do what he wanted and wants done in the litigation.  Ultimately Ahmed failed to meet
the reasonable requirements of the Common Pleas Judge to discharge his appointed counsel.  The
Motion ultimately concluded on this portion of Ground Three "The record shows that Ahmed's goal
was to represent himself so he could then hire his own lawyer."  (ECF No. 160, PageID 10653).  That
does not amount to an unequivocal documented request to represent himself at the guilt phase of the
trial.

Regarding Ahmed's request to represent himself during the mitigation phase, the Motion to
Amend asserts:

> The Ohio Supreme Court's decision that Ahmed's comments made
> his assertion of the right to self-representation equivocal was an
> unreasonable application of United States Supreme Court precedent
> and an unreasonable determination of fact in light of the evidence.
> There is no requirement in *Faretta* that the accused must
> acknowledge in writing that he was advised of his rights – Ahmed
> made the acknowledgment that on the record. Doc. 92-5, Trans.,
> PageID# 9327 ("Advice has been given.") In addition, he signed the
> entry saying the same thing. Doc. 90-5, OSC Opinion, PageID#
> 4160; Doc. 92-5, Trans., PageID#9326. Ahmed's written remarks
> and insistence that he had been advised of his rights but that his
> rights had not been observed in no way changed his
> acknowledgement that he had been advised of his rights. This court
> was mistaken when it deferred to the Ohio Supreme Court on this
> issue. Doc. 156, Opinion & Order, PageID# 10594.

(Motion to Amend, ECF No. 160, PageID 10654-55.)  This argument turns the required analysis
under 28 U.S.C. § 2254(d) completely on its head.  There is no Supreme Court precedent known
to the Magistrate Judge which holds that a trial court cannot nail down a *Faretta* claim by insisting
on an unequivocal written waiver.  Doing so seems particularly prudent in this case, given

12

Ahmed's constant and repeated equivocation.

Ahmed has shown no error of law in the Court's disposition of the Third Ground for Relief.

**Ground Five:  Ineffective Assistance of Appellate Counsel**

In his Fifth Ground for Relief, Ahmed claimed he received ineffective assistance of appellate counsel on his direct appeal to the Supreme Court of Ohio (Petition, ECF No. 35 at PageID 246-55).  The Report rejected Respondent's procedural default defense to this claim except as to omitted propositions of law ten, eleven, twelve, and thirteen (Report, ECF No. 88, PageID 2186-91).  It then analyzed at length the merits of this claim and found it was without merits. *Id.* at PageID 2191-2218.  The Opinion adopted the Report's conclusions on this Ground for Relief (ECF No. 156, PageID 10595-97).  The Motion to Amend relies on prior presentations of this claim which the Court has already considered and which the Motion to Amend gives no reasons for reconsideration.

**Ground Eight:  Trial By A Biased Judge**

In his Eighth Ground for Relief, Ahmed contends he was denied due process because the trial judge was biased against him throughout his trial. (Petition, ECF No. 35 at PageID 273-77).  Respondent defended on the grounds this claim was both procedurally defaulted and meritless. (Return of Writ, ECF No. 61 at PageID 1004-6).  The Report found that Ahmed had not properly preserved the claim and it was therefore procedurally defaulted (ECF No. 88, PageID 2228-30). The Opinion adopted this conclusion and also found the claim was without merit (ECF No. 156,

PageID 10597-99).

The Motion to Amend argues Ahmed showed in his Corrected Objections that this claim had been adjudicated by the Supreme Court of Ohio (ECF No. 160, PageID 10657 citing ECF No. 150, PageID 10483-86).  When one examines those pages of the Corrected Objections, however, one finds no citation to any place where the Supreme Court of Ohio dealt with this claim on the merits, although it is correct that the Chief Justice rejected Ahmed's Affidavit of Disqualification of Judge Sargus.  The Report questioned whether presenting the claim in an Affidavit of Disqualification was an appropriate way of preserving this claim.  Ahmed also presented the claim a part of his Motion to Reopen the Appeal as an omitted proposition of law.  The Report found in its analysis of Ground Five for Relief that the time limit for filing a motion to reopen was not firmly established and regularly followed at the time of Ahmed's motion.

Aside from the possible time-limit default, presenting a claim as an omitted proposition of law in an ineffective assistance of appellate counsel claim does not preserve that claim for merits review by a habeas court.  An Ohio App. Rule 26(B) application, which is the prescribed method for raising an ineffective assistance of appellate counsel claim in the Ohio appellate courts, preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.  2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*  Logically, the same is true of an application to reopen a direct appeal to the Supreme Court of Ohio in a capital direct appeal.  The

Motion to Amend does not show the Court's conclusion on procedural default is an error of law.

The Opinion also rejected this Eighth Ground for Relief on the merits (ECF No. 156, PageID 10598-99). In the Motion to Amend, Ahmed cites three bases for finding Merit in this Eighth Ground. First he argues Judge Sargus's orders dealing with his funds were *ultra vires* (ECF No. 160, PageID 10657-58). Whether or not that is so is a question of Ohio law. Ahmed's cited authority, *State, ex rel Litty, v. Leskovyansky*, 77 Ohio St. 3d 97 (1996), establishes that a writ of prohibition is available to prevent an Ohio Common Pleas judge from entering orders beyond his or her jurisdiction. Ahmed cites no attempt on his part to invoke that authority and no Supreme Court authority for the proposition that a trial judge's assertion of jurisdiction in such circumstances renders the judgment in a related criminal case unconstitutional.

Ahmed next argues Judge Sargus "had a financial interest in how Ahmed's case was adjudicated which violates *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)" (ECF No. 160, PageID 10658). Ahmed's quotation from the record which is supposed to show the judge's financial interest, instead shows a financial interest of the Belmont County Public Defender. In *Tumey* the Supreme Court found that a conviction in an Ohio mayor's court where the mayor was paid as a judge only for convictions and where he had fiscal responsibility for the village o which he was mayor violated the Due Process Clause. Ohio Common Pleas judges are paid a salary by the State and have no fiscal responsibility for county public defender commissions.

*Tumey* continues to be good law and the Supreme Court has recognized that decision by a biased judge is unconstitutional. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Williams v. Pennsylvania*, 579 U.S. ___, 136 S. Ct. 1899, 195 L. Ed. 2d 132 (2016). But nothing in those cases approaches a holding that Judge Sargus's actions here were unconstitutional as evincing a personal financial interest.

Ahmed lastly argues "[t]he trial judge displayed "marked personal feelings" against" him

15

(ECF No. 160, PageID 10658). Among the many behaviors in the record which reflects obstructive behavior by Ahmed are attempting to cross-examine the judge, rustling papers when the judge was speaking, and constant demands to change counsel. The Motion to Amend references one of their exchanges. But that exchange would not be enough to warrant disqualification, much less a finding that the conviction was unconstitutional.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell, supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell, supra; Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has held:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994).

The Court's rejection of the Eighth Ground for Relief on the merits is not a manifest error of law.

**Ground Thirteen:  Gruesome Photographs**

In his thirteenth ground for relief, Ahmed contends that a videotape and numerous crime scene and autopsy photographs admitted at trial created an unacceptable risk of prejudice to him and violated his right to a fair trial, citing the Fourteenth Amendment. (Petition, ECF No. 35 at PageID 323-24).

Although, as the Report found, Ahmed presented this claim to the Supreme Court of Ohio, that court relied exclusively on state evidence law in rejecting the claim (ECF No. 88, PageID 2263-64).  That court found "most of the photographs and slides and the crime-scene videotape admitted were relevant to prove the killer's intent, illustrate witnesses' testimonies, or give the jury an 'appreciation of the nature and circumstances of the crimes.'" (ECF No. 88 at PageID 2264, quoting *Ahmed*, 103 Ohio St. 3d at 42-43, 2004-Ohio-4190 at ¶¶ 94-100).  The Report noted that *Harrington v. Richter*, 562 U.S. 86, 103 (2011), did not preclude de novo review of this claim. *Id.*

The Report concluded that the admitted photographs, although gruesome, were no more so than photographs introduced by the defense. *Id.* at PageID 2267-68.  On the ultimate merits of the claim, the Report opines:

> In Ahmed's case, the prosecution showed admirable restraint in presenting only eight crime scene photographs that show the victims' bodies, especially since there were four victims. The videotape, a little more than five minutes in length altogether, did not dwell on the gruesome features of the crime scene, and included substantial footage of other, less gruesome evidence, as well. The outcome of Ahmed's trial and mitigation hearing were not likely to have been different had the photographs and videotape been excluded.

*Id.* at PageID 2269.  The Court adopted this conclusion, finding it was not changed as a result of adding the autopsy slides to the record which had not been available to the Magistrate Judge

17

(Opinion, ECF No. 156, PageID 10603-05).

The Motion to Amend adds nothing to the argument and authority already presented in the Corrected Objections and rejected by the Court. It does not show any error in the Court's Opinion.

## Ground Nineteen: Denial of a Speedy Trial

In his nineteenth ground for relief, Ahmed contends that the prosecutor, his trial counsel, and the trial court all violated his right to a speedy trial. (Petition, ECF No. 35 at PageID 371-78). The Report rejected this claim when it was presented as an underlying claim to the Fifth Ground for Relief, asserting omission of this speedy trial claim was one of the ways in which Ahmed received ineffective assistance of appellate counsel (ECF No. 88, PageID 2294-95).

The Opinion likewise concluded this claim was without merit, applying the test adopted by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514 (1972)(ECF No. 156, PageID 10609-11). The Motion to Amend merely quarrels with this Court's balancing of the Barker factors and does not show an error of law in denying this claim.

## Ground Twenty-Seven: Cumulative Error

In Ground Twenty-Seven Ahmed argues that even if none of the preceding grounds justifies habeas corpus relief individually, they cumulate to warrant such relief. (Petition, ECF No. 35 at 422-23). The Report rejected this argument, concluding that post-EADPA a petitioner cannot accumulate errors to obtain relief (Report, ECF No. 88, PageID 2318, citing *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010), and *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). The Opinion concluded this

was a correct statement of the law and adopted it (ECF No. 156, PageID 10611-12).

The Motion to Amend asserts there is a circuit split on this question, but admits that the Sixth Circuit has not recognized cumulative error as a ground post-AEDPA (ECF No. 160, PageID 10662-63). It claims a split even within the Sixth Circuit, citing the unpublished opinion in *Mackey v. Russell*, 148 Fed. App'x 355, 367 (6th Cir. 2005). *Mackey*, however, is not about cumulating trial court error, but cumulating deficiencies in counsel's performance when deciding an ineffective assistance of trial counsel claim under *Strickland v. Washington,* 466 U.S. 668 (1984).

The Court's decision on the Twenty-seventh Ground for Relief follows binding Sixth Circuit precedent and is not in error.

**Certificate of Appealability**

The Report recommended that Ahmed be denied a certificate of appealability (ECF No. 88, PageID 2318) and the Court adopted that recommendation (ECF No. 156, PageID 10612).

The Motion to Amend, of course, seeks a certificate of appealability on each Ground for Relief addressed in the Corrected Objections. The arguments, however, are largely conclusory. For example, as to Ground Two, the Motion to Amend argues:

> A certificate of appealability should be granted because reasonable jurists could debate whether the Ohio Supreme Court decision was a reasonable determination of fact in light of the evidence and a reasonable application of United States Supreme Court precedent because the court failed to consider all the circumstances surrounding appointed counsels' conflict and the broken attorney-client relationship they had with Ahmed.

(ECF No. 160, PageID 10651). As to Ground Five, the Motion claims:

19

> A certificate of appealability should be granted because reasonable jurists could debate whether the Ohio Supreme Court decision was a reasonable determination of fact in light of the evidence and a reasonable application of United States Supreme Court precedent because the court failed to consider all the circumstances surrounding appointed counsels' conflict and the broken attorney-client relationship they had with Ahmed.

(ECF No. 160, PageID 10657). The argument is somewhat more extended on other Grounds for Relief, but fails to come to grips with the appropriate standard for granting a certificate of appealability, recently re-stated by the Sixth Circuit:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody,* 958 F.3d at 493.

Because this Court's decision on none of the Grounds for Relief addressed in the Corrected

Objections has been shown to meet the standard in *Moody*, Ahmed should be denied a certificate

of appealability.  In particular with respect to the cumulative error claim, while Ahmed has posited

that some other circuits have accepted such claims, he has not shown that any reasonable jurist has

interpreted Sixth Circuit precedent to allow such a claim.  Any reasonable jurist deciding Ahmed's

case in the Sixth Circuit would be bound by the published Sixth Circuit precedent cited in the

Opinion on this point.  And, of course, this Court is not the last word on this question; the Sixth

Circuit will consider it *de novo*[4] if Ahmed raises it.


**Conclusion**


The Magistrate Judge respectfully recommends that the Motion to Amend be denied.


December 14, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Such objections shall specify the portions of the Report objected to and
shall be accompanied by a memorandum of law in support of the objections. A party may respond
to another party's objections within fourteen days after being served with a copy thereof.  Failure

---

[4] Although Congress initially assigned the certificate of appealability question to the circuit courts, those courts quickly
delegated the initial task to the District Courts and that delegation is now codified in Rule 11 of the Rules Governing
§ 2254 Cases.  Nonetheless, circuit courts consider the question de novo, rather than reviewing district court denials.

to make objections in accordance with this procedure may forfeit rights on appeal.