# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

NAWAZ AHMED,

    Petitioner,

v.

MARK C. HOUK,

    Respondent.

Case No. 2:07-cv-658
JUDGE WATSON
Magistrate Judge Merz

## OPINION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Objections, ECF No. 190, to the Magistrate Judge's Report and Recommendations, ECF No. 174, recommending denial of Petitioner's Rule 59(e) Motion to Alter or Amend the Judgment, ECF No. 160. Respondent has replied to the Objections. Resp., ECF No. 192.

When a party objects to a Magistrate Judge's Report on a dispositive motion, the District Judge is required by Rule 72(b) of the Federal Rules of Civil Procedure to review *de novo* any portion of the Report to which specific objection has been made. Having reviewed the Report employing that standard, the Court hereby **ADOPTS** the Report and Recommendations of the Magistrate Judge, **OVERRULES** Petitioner's objections, and **DENIES** Petitioner's Motion to Alter or Amend the Judgment. While reaching the same conclusions as the Magistrate Judge, the Court adds the following analysis.

## I. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure "enables a district court to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). The motion is a "one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal." *Id*. at 1710. To grant a motion filed under Rule 59(e), there must be "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "[A] prisoner may invoke . . . [R]ule [59(e)] only to request 'reconsideration of matters properly encompassed in the challenged judgment.'" *Banister*, 140 S. Ct. at 1708 (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982)).

## II. ANALYSIS

**First Objection: Denial of Counsel of Choice Claim**

The Motion to Amend and corresponding Objections criticize the Court's decision finding Petitioner's First Ground for Relief to be both procedurally defaulted and without merit. Petitioner continues to argue that the trial judge and other state actors, without authority to do so, froze his personal funds and placed

unreasonable restrictions on his use of that money, in order to prevent him from being able to hire counsel of his choosing. The Magistrate Judge determined Petitioner fell short of establishing any manifest error of law in the Court's resolution of this claim.

Petitioner has dedicated another twenty-four pages of his Rule 59(e) objections to the rehashing of this claim, repeating nearly every argument he set forth in the prior Corrected Objections. With respect to procedural default, Petitioner again argues that he fairly presented this claim to the Ohio Supreme Court, directing this Court's attention to case law he cited in his appellate brief. Additionally, Petitioner argues he preserved the issue in *pro se* filings and contends the Ohio Supreme Court's ruling on his *pro se* motion for reconsideration constituted a ruling on the merits. Alternatively, Petitioner argues to the extent the claim was not fairly presented on direct appeal, the ineffective assistance of appellate counsel serves as cause and prejudice to excuse that default, and the fundamental miscarriage of justice exception also applies. With respect to the merits of his claim, Petitioner continues to argue "the trial judge was the one withholding his money." ECF No. 190, at PAGEID # 11101. Petitioner posits "[t]he facts are what they are. They do not change. It is the interpretation of the facts as showing that Ahmed had access to his funds that is in error." *Id.* at PAGEID # 11105.

In this Court's September 21, 2020, Opinion and Order adopting the

Report and Recommendations of the Magistrate Judge, this Court carefully considered the issues of procedural default in connection with this ground for relief. Nevertheless, after concluding this claim was defaulted, the Court proceeded to conduct a thorough evaluation of the facts underlying the merits of this claim, as did the Magistrate Judge. The record belies Petitioner's claims of unconstitutionally obstructive behavior by the trial court, and shows, to the contrary, that the trial court attempted to facilitate Petitioner's hiring of counsel. As set forth in more detail in this Court's prior Opinion and Order, the trial court offered, on at least one occasion, that "the County will pick up necessary defense services of a reasonable amount," in the event Petitioner "exhausted his assets." ECF No. 92-1, at PAGEID ## 7434–38. It is evident, however, that Petitioner was not able to come to a mutual agreement for representation with the many attorneys he attempted to hire.

Although a Rule 59(e) motion is not an opportunity to effectively reargue a case, *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008), this is precisely what Petitioner has attempted to do. Absent some showing that the Court has committed a manifest error of law in denying relief, this Court will not reengage in further discussion of this claim. Petitioner has generally restated the arguments set forth in his prior Corrected Objections and fails to identify a proper basis for Rule 59(e) relief. Petitioner's first objection is **OVERRULED**.

**Second Objection: Conflict/Breakdown in the Attorney-Client Relationship**

In his second objection, Petitioner criticizes this Court's determination that the decision of the Ohio Supreme Court rejecting his claim based on the breakdown in the attorney-client relationship was entitled to AEDPA deference. According to Petitioner, "[t]he Ohio Supreme Court did not review all the circumstances surrounding Ahmed's conflict claim and its failure to do so was an unreasonable application of federal law." ECF No. 190, at PAGEID # 11111. Additionally, Petitioner restates prior arguments, including his contention that relief should be granted on the sole basis that he sued his trial counsel. *Id.*

Petitioner has failed to raise any compelling arguments suggesting that this Court's resolution of his Second Ground for Relief was a manifest error. Petitioner rehashes the issues already considered by this Court, and his objections merely disagree with the Magistrate Judge's recommendations and this Court's ultimate resolution of the claim. Petitioner's second objection is **OVERRULED.**

**Third Objection: Denial of Right to Self-Representation**

In his Third Ground for Relief, Petitioner argues he was denied his right to represent himself at trial, as recognized by *Faretta v. California*, 422 U.S. 806, 835 (1975). Petitioner objects to the Magistrate Judge's recommendation that his Rule 59(e) motion be denied as to this claim. Specifically, Petitioner argues this Court erred when it determined that the Ohio Supreme Court's resolution of

this claim was entitled to AEDPA deference. As evidence of this Court's error, Petitioner references a document titled "Pro Se Motion: Removal of Court Appointed Attorneys," filed December 21, 2000. The Magistrate Judge considered the document, finding it was "not a 'smoking gun' that disproves the conclusions of the Supreme Court of Ohio, the Magistrate Judge, and this Court." ECF No. 174, at PAGEID # 10989. This Court agrees. Furthermore, the Court agrees with the Magistrate Judge that "[t]here is no Supreme Court precedent known to the Magistrate Judge [or this Court] which holds that a trial court cannot nail down a *Faretta* claim by insisting on an unequivocal written waiver" and that "[d]oing so seems particularly prudent in this case, given Ahmed's constant and repeated equivocation." *Id.* at PAGEID # 10990. Petitioner has shown no error of law in this Court's resolution of his Third Ground for Relief, and his objection is **OVERRULED**.

**Remaining Objections**

The Motion to Amend criticizes the Court's decisions with respect to Petitioner's Fifth Ground for Relief (appellate counsel ineffectiveness), Eighth Ground for Relief (biased trial judge), Thirteenth Ground for Relief (gruesome photos), Nineteenth Ground for Relief (speedy trial), and Twenty-Seventh Ground for Relief (cumulative error). With respect to each of these grounds for relief, Petitioner merely relies on prior arguments, which this Court has considered and rejected. The Motion to Amend and corresponding Objections

add nothing to the argument and authority already presented in the Corrected Objections and rejected by this Court. Petitioner has failed to identify a proper basis for Rule 59(e) relief. The objections are hereby **OVERRULED**.

**Certificate of Appealability**

Finally, Petitioner argues this Court should reverse course and grant a certificate of appealability as to each of his claims. However, this Court must be mindful that "the standards for a certificate are no mere technicality." *Moody v. United States*, 958 F.3d 485, 493 (6th Cir. 2020). As recently restated by the Sixth Circuit, this Court shall not grant a certificate of appealability "without some substantial reason to think that the denial of relief might be incorrect" and "unless every independent reason to deny the claim is reasonably debatable." *Id.* at 488. Applying this standard, the Court again concludes that none of Petitioner's grounds for relief addressed in the Corrected Objections meets the standard set forth in *Moody*.

### III. CONCLUSION

Petitioner's Objections, ECF No. 190, are **OVERRULED** and the Motion to Alter or Amend the Judgment, ECF No. 160, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**