## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**NAWAZ AHMED,**

        **Petitioner,**

                                        **Case No. 2:07-cv-658**

                                        **District Judge Michael H. Watson**

        **v.**                                 **Magistrate Judge Michael R. Merz**

**MARC C. HOUK, Warden,**

        **Respondent**

## ORDER

This capital habeas corpus case is before the Court on Petitioner's *pro se* Objections, ECF No. 202, to the Magistrate Judge's Decision and Order, ECF No. 199, denying Petitioner's *pro se* Motion to Strike, ECF No. 198, the Notice of Appeal filed by his attorneys, ECF No. 195. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has reviewed the Objections *de novo*.

The Magistrate Judge's Decision and Order is based on a simple legal proposition: once a notice of appeal has been filed from a final appealable order of a District Court, that court no longer has jurisdiction over the case until the Court of Appeals enters its mandate or otherwise disposes of the appeal. Controlling Supreme Court and Sixth Circuit precedent supports that proposition. *Marrese v. Am. Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v.*

*Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

Petitioner claims that his Motion to Strike is in aid of the appeal and this Court therefore has jurisdiction to decide it. However, the very face of the Motion and its content show that it is not in aid of the appeal, but attempts to thwart it.

Petitioner claims the Notice of Appeal he seeks to have stricken, ECF No. 195, was a second duplicative notice of appeal, Obj., ECF No. 202, PAGEID # 11219. The docket shows instead that it was the first Notice of Appeal filed after the Court's decision on Petitioner's counseled Motion to Amend the Judgment.

Petitioner notes that a District Court has authority to enter an indicative ruling on a Federal Rule of Civil Procedure 60(b) motion while an appeal is pending. Obj., ECF No. 202, PAGEID # 11226. While that is true, it is immaterial; there is no pending Rule 60 motion, and the fact that such rulings are only "indicative" confirms rather than refutes the Magistrate Judge's conclusion of lack of jurisdiction.

Much of the rest of the Objections consist of attacks on the professionalism of Petitioner's appointed counsel or arguments on the merits of the underlying case. None of these arguments show this Court has jurisdiction to strike a properly-filed Notice of Appeal. As the Magistrate Judge's Order notes, Petitioner is perfectly free, if he believes counsel have appealed from a non-final judgment, to ask the Sixth Circuit to remand the case.

Petitioner's Objections are overruled, and the Magistrate Judge's Decision and Order is adopted.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT