IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

NAWAZ AHMED,

    Petitioner,

:

Case No. 2:07-cv-658

:

  -vs.-

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

:

    Respondent

## REPORT AND RECOMMENDATIONS

    This capital habeas corpus case is before the Court on Petitioner's Motion to Reopen the Time to File a Notice of Appeal (ECF No. 204). On September 21, 2020, the Court entered its Opinion and Order dismissing all claims and denying a certificate of appealability ("Opinion," ECF No. 156; Judgment, ECF No. 157). Petitioner through counsel filed a Motion to Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 160) which District Judge Watson denied, on the Magistrate Judge's recommendation, on May 7, 2021 (ECF No. 194). Petitioner timely appealed that decision and the underlying judgment through counsel (ECF No. 195); that appeal has been assigned Sixth Circuit Case No. 21-3542 (ECF No. 197). So far as this Court's docket shows, that case remains pending in the Sixth Circuit.

    A motion to reopen the time for appeal is a post-judgment motion deemed referred to a Magistrate Judge under 28 U.S.C. § 636(b)(3) and requiring a report and recommended disposition.

1

**Petitioner's Instant Motion**

On September 7, 2021, Judge Watson overruled Petitioner's *pro se* Objections to the Magistrate Judge's Order striking Petitioner's *pro se* Motion to Strike the Notice of Appeal filed on his behalf by counsel (ECF Nos. 198, 199, 203). Petitioner, proceeding *pro se*, claims he is entitled to reopening of the time for appeal because the Clerk failed to serve him within twenty-one days of entry of Judge Watson's order and his counsel also failed to serve him within twenty-one days of entry, both of which he claims is commanded by Fed.R.Civ.P. 77(d)(ECF No. 203, PageID 11203).

Petitioner admits that he eventually – on November 30, 2021 – received copies of ECF No. 203 from both the Clerk and his counsel (ECF No. 204, PageID 11266). He claims his Motion to Reopen is timely because he deposited in the prison mailing system on December 8, 2021[1]. *Id.* at PageID 11269.

## Analysis

Fed.R.Civ.P. 77(d)(1) provides that the clerk must immediately serve a copy of any order or judgment "on each party who is not in default for failing to appear." Under Fed.R.Civ.P. 5(b)(1), service on a party represented by an attorney is to be made on the attorney. Under Fed.R.Civ.P. 5(b)(2)(E), service may be made on a registered user of the Court's electronic filing system by filing the document in that system. Petitioner is represented by appointed counsel in

---

[1] The Magistrate Judge reads the date as December 8, 2021, but the numeral in question has been overwritten. Ahmed claims at the same placed that he executed the Motion on November 8, 2021, but that is plainly wrong, since he claims he did not receive Judge Watson's Order until November 30, 2021.

2

this case, Keith Yeazel and Adele Shank, both of whom are registered users of the CM/ECF system.  The Clerk filed Judge Watson's Order in the CM/ECF system on September 7, 2021, thereby making effective service on Petitioner.  The Clerk is under no duty to provide Petitioner with a separate copy of orders filed in the case and has not received notice of non-receipt by either attorney.

Under Fed.R.Civ.P. 77(d)(2), a party's time to appeal is not affected by lack of notice except as provided in Fed. R. App. P. 4(a)(6).  That appellate rule is not applicable because Petitioner did receive notice of the order within twenty-one days of its entry, to wit, on the same day through the CM/ECF system.

Because Petitioner did receive notice of the Order sought to be appealed, his Motion to Reopen should be denied.  The Magistrate Judge offers no opinion on whether the Order is appealable apart from the pending appeal from the final judgment or whether there would be any merit to such an appeal, especially since Petitioner has not suggested what appealable issues he would raise.

December 13, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #